**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ANA CRISTINA MURILLO-MENDEZ, | No. 07-70790 |
| Petitioner, | Agency No. A097-742-471 |
| v. | |
| ERIC H. HOLDER Jr., Attorney General, | MEMORANDUM [*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 11, 2010 [**]

Before:     BEEZER, TROTT, AND BYBEE, Circuit Judges.

Ana Cristina Murillo-Mendez, a native and citizen of Honduras, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing her appeal

from an immigration judge's decision denying her application for asylum,

withholding of removal, and relief under the Convention Against Torture ("CAT").

We have jurisdiction under 8 U.S.C. § 1252.  We review questions of law de novo,

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

and factual findings for substantial evidence.  *See Aguilar Gonzalez v. Mukasey*, 534 F.3d 1204, 1208 (9th Cir. 2008).  We deny the petition for review.

Substantial evidence supports the BIA's denial of Murillo-Mendez's asylum and withholding of removal claims because she failed to establish that she was or would be persecuted on account of a protected ground.  *See Ochoa v. Gonzales*, 406 F.3d 1166, 1170-72 (9th Cir. 2005).  Murillo-Mendez's reporting of the gang's criminal activity to the police does not constitute expression of a political opinion. *See Soriano v. Holder*, 569 F.3d 1162, 1164-65 (9th Cir. 2009) (opposing organized crime by informing police about two individuals' criminal activities is not expression of political opinion).  Further, even if Murillo-Mendez's family qualifies as a "social group," the evidence does not compel a conclusion that the gang's criminal activities victimizing Murillo-Mendez's family members and threatening Murillo-Mendez were motivated by her familial relationship.  *See INS v. Elias-Zacarias*, 502 U.S. 478, 482-84 (1992).

Substantial evidence supports the denial of CAT relief because Murillo-Mendez failed to demonstrate that it is more likely than not that she will be tortured by or at the acquiescence of the Honduran government if she returns to Honduras.  *See Zheng v. Ashcroft*, 332 F.3d 1186, 1188, 1197 (9th Cir. 2003).

**PETITION FOR REVIEW DENIED.**